UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL E. CRAIG,<br><br>                     Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                     Defendant. | Case No. 3:12-cv-05469-RBL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

THIS MATTER is before the Court on Plaintiff Craig's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Dkt. 27. The Commissioner argues that the motion should be denied because her position was substantially justified. *See* Dkt. 28. The Court agrees and DENIES Craig's motion for statutory fees.

**PROCEDURAL HISTORY**

On August 8, 2014, this Court issued an order adopting the report and recommendations of United States Magistrate Judge Karen L. Strombom and affirming the Commissioner's decision to deny benefits. *See* Dkt. 20. Craig appealed that decision, and on May 27, 2016, the Ninth Circuit reversed and remanded the case for further administrative proceedings. *See* Dkt. 24. The Ninth Circuit found that the ALJ failed to provide sufficient

ORDER DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

reasons for rejecting the opinions of examining physicians Kimberly Wheeler, Ph.D., and Keith Krueger, Ph.D. *See id*. at 2. The Ninth Circuit instructed this Court to remand the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings due to the harmful error. *See id*. at 3.

## DISCUSSION

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining the issue of substantial justification, the court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014).

Craig was the prevailing party because the Ninth Circuit reversed and remanded the Commissioner's decision to deny benefits for further administrative proceedings. *See* Dkt. 24. The ALJ's failure to provide a sufficient reason to reject the opinions of Wheeler and Krueger led to the remand. *See id*. at 2.

The Commissioner has the burden of proving that her position was substantially justified. *See Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). A substantially justified position is one that a reasonable person could think is correct, one that has "a reasonable basis both in law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988) (citing *Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)).

The ALJ discounted Wheeler's and Krueger's opinions because, among other reasons, they were unsupported by the results of objective testing. *See* AR 24, 26. The Commissioner argues that those findings and her defense of them had a reasonable basis in law and fact. *See* Dkt. 28 at 2-4. An ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). This Court noted that both Wheeler's and Kreuger's clinical findings from the mental status examination performed did not support the severity of the functional limitations to which they opined. *See* Dkt. 17 at 8, 11. The Court therefore found that the ALJ provided a specific and legitimate reason supported by substantial evidence to discount the physicians' opinions. *See id.*

The Ninth Circuit found that the physicians' opinions were in fact supported by objective evidence and that any other reasons the ALJ gave for discounting their opinions were not legitimate. *See* Dkt. 24 at 2. Still, the Commissioner's position that the ALJ provided a sufficient reason to discount Wheeler's and Krueger's opinions was substantially justified. That this Court found the ALJ's decision to be supported by substantial evidence—though the Ninth Circuit disagreed— indicates that a reasonable person could have found the Commissioner's position to be correct. If the Commissioner's position is not substantially justified in a case in which reviewing courts disagree regarding the weight of the evidence in the record, it is hard to imagine that the Commissioner's position could ever be substantially justified. Therefore, the Court concludes that Craig is not entitled to an award of fees.

>>>

>>

>

ORDER DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 3

Craig's motion for EAJA fees is DENIED.

IT IS SO ORDERED.

DATED this 17th day of October, 2016.

Ronald B. Leighton
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 4