UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL CRAIG,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C12-5469 BHS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406** |

## I.    INTRODUCTION

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion"). Dkt. 43. The Commissioner opposes the Motion, arguing it is untimely. Dkt. 46. For the reasons explained below, the Court GRANTS the Motion.

## II.    BACKGROUND

Plaintiff applied for supplemental security income benefits in July 2008. Dkt. 10-2 at 17. Her application was denied, and she appealed to this Court. *See* Dkt. 3. Now-retired District Judge Ronald B. Leighton[1] affirmed the Commissioner's denial, and Plaintiff

---

[1] This case was transferred to the undersigned following Judge Leighton's retirement from the federal bench. Dkt. 45.

ORDER - 1

appealed to the Ninth Circuit. *See* Dkts. 20, 22. In July 2016, the Ninth Circuit issued a mandate reversing the denial of benefits and remanding this matter for further administrative proceedings. Dkt. 25.

Plaintiff's counsel then filed a motion for an award of attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 2412 ("EAJA"). Dkt. 27. Judge Leighton denied the motion finding the Commissioner's position substantially justified, Dkt. 30, but the Ninth Circuit again reversed, Dkts. 38, 39. On October 23, 2018, Judge Leighton entered an order awarding Plaintiff EAJA fees of $24,511.93, plus costs and expenses. Dkt. 42. Plaintiff states this entire award was garnished to pay a child support debt. Dkt. 44 at 2.

On February 19, 2020, following remand, the Social Security Administration ("SSA") issued Plaintiff a Notice of Award. Dkt. 43-2. Plaintiff's past-due benefits totaled $99,227.00. *Id.*

Pursuant to the terms of a federal court retainer agreement, Plaintiff agreed to pay her attorney a fee equal to 25 percent of past-due benefits if her appeal was successful. Dkt. 43-3. This would equal a fee of $24,806.75. Plaintiff's counsel declared Plaintiff paid an attorney's fee of $6,000 for representation at administrative hearings, so counsel has reduced the fee request here to $18,806.75. *See* Dkt. 48 at 2.

### III.   DISCUSSION

The Court may award reasonable attorney's fees to a successful social security claimant's attorney pursuant to 42 U.S.C. § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The amount of the award cannot exceed 25 percent of a claimant's past-

ORDER - 2

due benefits. 42 U.S.C. § 406(b)(1)(A). This limit applies to the combined total of EAJA and § 406(b) fees. *See Gisbrecht*, 535 U.S. at 796. An attorney who violates the 25 percent limit is subject to criminal charges. 42 U.S.C. § 406(b)(2).

Unlike some fee statutes, the § 406(b) fee is paid out of the claimant's past-due benefits award, meaning SSA is not financially responsible for payment. *Gisbrecht*, 535 U.S. at 802; *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). To administer payment, SSA withholds 25 percent of any past-due benefits award for payment of fees to the claimant's attorney. *See* Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-1-2-71, *available at* https://www.ssa.gov/OP_Home/hallex/I-01/I-1-2-71.html.[2] If SSA does not receive a fee petition or statement of intent to petition within 60 days of a decision awarding benefits, SSA issues a 20-day letter advising the claimant's representative that he or she must file a fee petition if he or she intends to charge a fee, and that any withheld past-due benefits will be released to the claimant if no petition or request for extension is received within the 20-day period. HALLEX I-1-2-55, *available at* https://www.ssa.gov/OP_Home/hallex/I-01/I-1-2-55.html. Neither party has indicated whether SSA is still withholding past-due benefits, nor whether Plaintiff's counsel has submitted a fee petition or statement of intent to petition to SSA.

The Commissioner does not contest the amount of fees requested but argues

---

[2] HALLEX "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court." *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (citing *Moore v. Apfel*, 216 F.3d 864, 868–69 (9th Cir. 2000)). Nonetheless, as an agency manual, it is "'entitled to respect' under *Skidmore v. Swift & Co.*, [323 U.S. 134] (1944), to the extent that it has the 'power to persuade.'" *Id.* (citing *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)).

ORDER - 3

Plaintiff's Motion is untimely. Dkt. 46 at 1. Section 406 does not set a time by which fee requests must be made, and the Ninth Circuit has not addressed the issue.

Several circuits hold Rule 54(d)(2)(B) applies to § 406(b) fee requests. *Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) (holding Rule 54(d)(2)(B) applies to § 406(b) motions and requires them to be filed within 14 days of the notice of award); *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (same); *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006) (same); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006), *abrogated on other grounds by Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). But these Courts have not applied the explicit language of Rule 54, as it requires attorney's fee motions to be filed within 14 days after the *entry of judgment*. Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment."). The reason is because, as the Tenth Circuit has pointed out, "sentence-four remand requires entry of judgment at the time of the remand, and an SSA fee award will only rarely be calculable before the end of that fourteen-day period." *McGraw v. Barnhart*, 450 F.3d 493, 504 (10th Cir. 2006) (internal citations omitted); *see also Bergen*, 454 F.3d at 1286. The Second and Third Circuits addressed this issue by equitably tolling the 14-day period until the notice of award is issued and starting the clock at that point. *Sinkler*, 932 F.3d at 87–88; *Walker*, 593 F.3d at 279–80; *see also Bergen*, 454 F.3d at 1286 (finding notice of award starts 14-day time limit, but not discussing equitable tolling).[3]

---

[3] The Fifth Circuit did not address whether the 14-day time limit of Rule 54(d)(2)(B) is

The Tenth Circuit, by contrast, found application of Rule 54 was incompatible with the realities of § 406(b) motions because of the delay between the judgment and the notice of award. *See McGraw*, 450 F.3d at 504. The Tenth Circuit instead opted to apply Rule 60 because "[s]ubstantial justice will be served" by doing so. *Id.* at 505. The Tenth Circuit reasoned Rule 60(b)(6) was "a grand reservoir of equitable power to do justice in a particular case." *Id.* (internal quotations marks and citations omitted). Under this scheme, then, a motion for fees under § 406(b) would need to be filed "within a reasonable time of the Commissioner's decision awarding benefits." *Id.* (internal citation omitted). Courts in the Northern District of California have adopted this "reasonable time" approach. *See, e.g.*, *Sizelove v. Astrue*, No. 5:05-cv-04533 JF, 2012 WL 3672393, at *2 (N.D. Cal. Aug. 24, 2012) (holding fee motion filed almost two years after notice of change in payment reasonable because staff member responsible for calendaring left attorney's firm and documents indicating motion should be filed were discovered in a banker's box of papers the staff member left behind); *Scharlatt v. Astrue*, No. C04-4724 PJH, 2008 WL 5000531, at *5–6 (N.D. Cal. Nov. 21, 2008) (holding petition was timely, but reducing award by the amount of interest that would have accrued between 60 days after the notice of award and the date the motion was filed).

The District of Oregon has addressed the ambiguity in § 406(b) by adopting a local rule specifying motions for fees must be filed within 60 days of receipt of a notice

---

tolled from the date of judgment to the date of notice of award. *See Pierce*, 440 F.3d at 663.

ORDER - 5

of award, absent a should of good cause for further delay. D. Or. L.R. 4000-8; *see Keen v. Comm'r Soc. Sec. Admin.*, No. 2:098-CV-01223-SU, 2015 WL 5254363, at *1 (D. Or. Sept. 9, 2015).

The Court finds the approach taken by the Second and Third Circuits to be the most prudent. Rule 54(d)(2)(B) governs attorney's fee motions, and there is no basis for removing motions under § 406(b) from this scheme. Rule 60(b)(6), by contrast, is generally reserved for extraordinary circumstances and "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Because of the impracticalities of calculating fees at the time of judgment, though, the deadline under Rule 54(d)(2)(B) is equitably tolled until the notice of award is issued. Thus, a plaintiff's attorney seeking fees under § 406(b) must file his or her motion within 14 days after the notice of award is issued.

That does not end the analysis here, though. Rule 54 provides that the Court has discretion to determine the timeliness of a motion for attorney's fees, as the 14-day deadline applies "[u]nless a statute *or court order* provides otherwise." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). First, Plaintiff's counsel has shown good cause for his delay. The COVID-19 pandemic has been an extraordinary circumstance, causing significant disruption to everyone's personal and professional lives. Plaintiff's counsel reports his assistant resigned due to illness, and the pandemic made hiring and training new staff difficult. *See* Dkt. 48 at 2. Plaintiff's payments were subject to a garnishment,

ORDER - 6

which complicated the calculation of attorney's fees. *Id.* Plaintiff's counsel alleges there were a number of errors in the notice of award, which took time to correct. *See id.* at 1–2. Given the possibility of criminal penalties for overcharging a client, it was reasonable to delay filing the Motion to ensure the amount requested was correct.

Second, denial of the Motion would upset the parties' expectations as set forth in the contingent fee agreement, resulting in a windfall to Plaintiff and an undeserved loss to Plaintiff's counsel. *See Herrera v. Berryhill*, No. ED CV 14-1340-E, 2019 WL 157724, at *3 (C.D. Cal. Jan. 10, 2019). Counsel successfully obtained past-due benefits for Plaintiff and should be paid for his work.

Plaintiff should nonetheless not be prejudiced by counsel's delay in seeking fees, particularly to the extent it has delayed receipt of any withheld benefits. Therefore, the § 406(b) award shall be reduced by an amount equal to the interest on any remaining past-due benefits withheld to satisfy counsel's fees, as calculated pursuant to the statutory interest rate, from March 4, 2020, 14 days after the notice of award, through February 7, 2022, the day the Motion was filed.

## IV.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion (Dkt. 43) is **GRANTED**.

Plaintiff's attorney, Eitan Kassel Yanich, is awarded attorney's fees of $18,806.75, pursuant to 42 U.S.C. § 406(b), minus an amount equal to the interest on any past-due benefits withheld by SSA to pay Plaintiff's counsel. Social Security is directed to send

ORDER - 7

the resulting amount to Plaintiff's attorney, minus any applicable processing fees as allowed by statute.

DATED this 11th day of March, 2022.

BENJAMIN H. SETTLE
United States District Judge